### The PEOPLE of the State of Colorado, Complainant,

### v.

### Dennis Stephen BRINN, Attorney–Respondent.

### No. 90SA325.

Supreme Court of Colorado, En Banc.

Dec. 10, 1990.

Linda Donnelly, Disciplinary Counsel, Jay P.K. Kenney, Asst. Disciplinary Counsel, Denver, for complainant.

Wesley A. Miller, Denver, for atty.-respondent.

## PER CURIAM.

This is an attorney discipline case. On June 15, 1990, the respondent, Dennis Stephen Brinn, and the assistant disciplinary counsel for the Supreme Court Grievance Committee entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the grievance committee accepted the stipulation and agreement without dissent, including the recommendation of the parties that respondent be disciplined by public censure and be assessed the costs of the proceedings. We accept the stipulation and agreement, and conclude that the seriousness of the charges when balanced against the factors in mitigation warrants public censure.

### I.

The respondent was admitted to the bar of this court on January 2, 1981, is registered as an attorney upon this court's official records, and is subject to the disciplinary jurisdiction of this court in all mat-

---

ters relating to the practice of law. C.R. C.P. 241.1(b). The facts as stipulated are as follows.

In July 1986, Ronald A. Daws retained the respondent and paid him $500 to file an action against James Jackson. Daws had consigned three containers of antiques to Jackson and Basil Young in 1982 and 1983. There was an oral agreement that Jackson and Young would retain $1,000 per container and remit the balance of the sale proceeds to Daws. Although the antiques were apparently sold for $42,920.50, Jackson delivered only $16,000 to Daws. The respondent filed suit in Denver District Court against Jackson individually for $27,-920.50.

On January 14, 1988, Jackson's attorney filed a motion for summary judgment. The motion and attached affidavit from Jackson alleged that Jackson had not been acting as an individual in his dealings with Daws, but as an officer and director of a corporation, and was not personally liable. A copy of the articles of incorporation of Jackson and Young, Inc. was attached to the motion. The respondent did not file any response to the motion. He did not tell his client that the motion had been filed, or confer with Daws about a response. The district court granted the motion for summary judgment on February 23, 1988. The respondent did not move for reconsideration or appeal from the summary judgment.

Daws telephoned the respondent in August 1988 and was informed, for the first time, that summary judgment had been granted six months earlier. The respondent and the assistant disciplinary counsel have stipulated that Daws is now barred from pursuing his claim due to the running of the statute of limitations and the expiration of the period for appeal.

The respondent admits, and we agree, that his conduct violated C.R.C.P. 241.6 (grounds for lawyer discipline), as well as DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him), and DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule).

## II.

The assistant disciplinary counsel and the respondent have joined in a recommendation that the respondent receive a public censure. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating circumstances, suspension is generally the appropriate discipline when an attorney "knowingly fails to perform services for a client and causes injury or potential injury to a client." *ABA Standards* 4.42(a).

The respondent knowingly failed to perform services for Daws. In addition to taking no action to contest the motion for summary judgment, the respondent sought no review of the adverse judgment and did not communicate with Daws for seven months between January and August 1988. The respondent admits that his inaction allowed the statute of limitations to run on his client's breach of contract claim. Such continued and chronic neglect must be considered willful. *See People v. Barber*, 799 P.2d 936, 940 (Colo.1990); *People v. May*, 745 P.2d 218, 220 (Colo.1987).

Were it not for certain mitigating factors, we would reject the recommendation of public censure as too lenient. The respondent, however, has no prior disciplinary record. *ABA Standards* 9.32(a). The respondent has also entered into a $14,350 settlement with Daws that the assistant disciplinary counsel has stipulated is reasonable given the uncertainty that existed from the outset in successfully pursuing Daws' now-barred claim. *ABA Standards* 9.32(d). *Cf. Barber*, 799 P.2d at 936 (prior disciplinary record and no effort to make restitution; attorney suspended). Although we consider the issue whether suspension or public censure is the appropriate discipline to be close and difficult, we will accept the recommendation of the parties and the inquiry panel that respondent receive a public censure and be assessed costs.

## III.

Accordingly, we publicly censure respondent Dennis Stephen Brinn for his violation of the duty to protect and pursue the legal

interests of his client that were entrusted to him. We assess him the costs of these proceedings in the amount of $71.61. The costs are payable to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80203, within thirty days after the announcement of this opinion.